**GIBBS & BRUNS, L.L.P.**
Kathy D. Patrick (TX Bar No. 15581400)
Email: kpatrick@gibbs-bruns.com
Robert J. Madden (TX Bar No. 00784511)
Email: rmadden@gibbs-bruns.com
Scott A. Humphries (TX Bar No. 00796800)
Email: shumphries@gibbs-bruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile:  (713) 750-0903
   Counsel for Plaintiffs

**COHEN KENNEDY DOWD & QUIGLEY, P.C.**
Ronald Jay Cohen (003041)
Email: rcohen@ckdqlaw.com
Daniel P. Quigley (009809)
Email: dquigley@ckdqlaw.com
The Camelback Esplanade I
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone: (602) 252-8400
Facsimile:  (602) 252-5339
   Local Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| City of Chandler, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>Bank One, N.A., a national banking association, et al.,<br><br>              Defendants. | No: 2:03-cv-1220-PHX-ROS<br>No: 2:03-cv-03-1618-PHX-FJM<br>No: 2:03-cv-03-2084-PHX-PGR<br><br><br>**PLAINTIFFS' MOTION TO TRANSFER AND CONSOLIDATE**<br><br>(Assigned to the Hon. Roslyn O. Silver) |
| State of Arizona, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>Credit Suisse First Boston Corp., a Delaware corporation, et al.,<br><br>              Defendants. | |

| | |
|---|---|
| Crown Cork & Seal Company, Inc. Master Retirement Trust, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Credit Suisse First Boston Corp., a Delaware corporation, et al., | ) ) ) |
| Defendants. | ) ) |

Three cases, arising out of the same facts, with the same defendants, and the same counsel, have recently been returned to the United States District Court for the District of Arizona (the "District of Arizona") by the Judicial Panel on Multidistrict Litigation. By this motion, the plaintiffs in each of these cases (all represented by the same counsel) ask the Court to transfer them to this Court, and consolidate them for trial pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42.1(a) and (b).

This motion has been filed with this Court because the above captioned case has the lowest case number. *See* LRCiv 42.1(a) and (b). The two related actions that are the subject of this motion are: No. 2:03-cv-03-1618-PHX-FJM, *State of Arizona, et al. v. Credit Suisse First Boston Corp., et al.*, (the "State of Arizona Action") and No. 2:03-cv-03-2084-PHX-PGR, *Crown Cork & Seal Company, Inc. Master Retirement Trust, et al. v. Credit Suisse First Boston Corp., et al.*, (the "Crown Cork Action"). A proposed form of order is attached.

1. **FACTUAL BACKGROUND**.

All three cases that are the subject of this motion arise out of a massive fraud perpetrated on the State of Arizona, and numerous private plaintiffs, in connection with the sale of asset backed notes issued by National Century Financial Enterprises, Inc. ("NCFE") and sold by Credit Suisse Securities (USA), LLC ("Credit Suisse").

From 1996 to 2002, billions of dollars of triple-A rated NCFE notes were sold to investors on the basis of representations that the notes were backed by high quality medical accounts receivable and substantial reserve funds that would ensure their timely repayment.

These representations were false. The funds raised from investors were not used, as represented, to purchase high quality medical accounts receivable and fund reserve accounts, but instead were used by the founders of NCFE to acquire and fund the operations of failing healthcare providers. When the fraud was finally revealed in late 2002, investors were left holding billions of dollars of nearly worthless NCFE notes. Numerous criminal convictions have resulted from this fraud.

The injured investors, which are plaintiffs in these actions, have alleged that Credit Suisse aggressively marketed and sold NCFE notes, encouraged NCFE to issue additional notes, and provided critical support needed to conceal the ongoing wrongdoing from investors, despite the fact that Credit Suisse knew (and/or should have known) key aspects of the NCFE fraud. In denying Credit Suisse's motion for summary judgment, the presiding district judge in the now-concluded MDL proceeding found that plaintiffs "have submitted clear and convincing evidence from which a jury could reasonably conclude that Credit Suisse knew or should have known of the material aspects of National Century's fraud." [*See* MDL-Doc 1846 at 35.]

## 2.  **PROCEDURAL BACKGROUND**.

The three related actions that are the subject of this motion were filed in Arizona state court and removed to the District of Arizona in 2003. Later that year, the cases were transferred to the United States District Court for the Southern District of Ohio (the "Southern District of Ohio") (the district in which NCFE did business) by the Judicial Panel on Multi-District Litigation for consolidated pre-trial proceedings before the Hon. James L. Graham, then chief judge of that district. From 2003 to 2012, Judge Graham oversaw pretrial motion practice and discovery, while at the same time supervising the NCFE bankruptcy proceeding also pending in the Southern District of Ohio.

In the course of the consolidated pre-trial proceedings before Judge Graham: (i) motions to dismiss were briefed and decided; (ii) extensive discovery was conducted,

including hundreds of depositions and the exchange of millions of pages of documents; (iii) expert disclosures and discovery were completed; and (iv) motions for summary judgment were briefed and decided. As explained in the Amended Pretrial Order entered by Judge Graham prior to the transfer to this Court, the three related actions that are the subject of this motion are ready for trial. [*See* MDL-Doc 1864 at 1-5.]

3.  **ARGUMENTS AND AUTHORITIES REGARDING CONSOLIDATION**.

Federal Rule of Civil Procedure 42(a) provides that two or more actions may be consolidated if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Local Rule 42.1(a) further provides that a party may move to transfer two or more different cases to a single judge when the party believes that the cases

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

Consolidation is left to the "broad discretion" of the district courts. *Borenstein v. The Finova Group, Inc.*, No. Civ. 00-619-PHXSMM, 2000 WL34524743, *3 (D. Ariz. Aug. 30, 2000) (*citing Investors Research Co. v. U.S. Dist. Court*, 877 F.2d 777, 777 (9th Cir. 1989)).

Each of the relevant factors is satisfied here. All three cases arise from the same transactions and events: Credit Suisse's participation in the massive fraud at NCFE. All three cases involve substantially the same parties: investors in the NCFE notes as plaintiffs, and Credit Suisse and the NCFE founders (Lance Poulsen, Donald Ayers, and Rebecca Parrett) as defendants. All three cases implicate the same questions of law: whether Credit Suisse and the NCFE founders conspired to defraud investors in NCFE notes. Indeed, the complaints in all three cases are virtually identical. [*Compare* MDL-Doc 686 (Second Am. Compl. in the case at bar) *with* MDL-Doc 685 (Second Am. Compl. in the State of Arizona Action) *and* MDL-Doc 687 (First Am. Compl. in the Crown Cork Action).] *See Cwiak v. City of Phoenix*,

No. CV 09-1858-PHX-MHM, 2010 WL 1742531, at *1 (D. Ariz. Apr. 29, 2010) (granting motion to consolidate where "the complaints in each of these two cases are nearly identical"); *Borenstein*, 2000 WL 34524743, at *3 (ordering consolidation because "the complaints in all four of these actions are essentially identical"). And as described above, all three cases are in the same procedural posture. Thus, the cases are in similar stages of litigation and consolidation will not delay the processing of the cases or lead to confusion or prejudice in the effective case management of the actions.

This Court also is the proper forum for consolidation. Local Rule 42.1(d) provides that a court should consider four factors when determining the judge before whom cases should be consolidated: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy."

Transfer and consolidation of the State of Arizona Action and Crown Cork Action to this Court is appropriate. Although there has been no significant activity or substantive consideration in any of the three cases by any court in the District of Arizona, the case at bar is the one in which the first largely substantive complaint was filed. In addition, by providing that motions to transfer and consolidate shall be heard in the court with the lowest case number, *see* LRCiv 42.1(a) and (b), this Court's Local Rules indicate a preference, all other things being equal, for transfer to and consolidation before this Court, the court with the lowest assigned case number. *See Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS, 2009 WL 648626, at *2 (D. Ariz. Mar. 11, 2009) (assigning the consolidated case to itself and concluding the court was "most familiar with the issues" simply because it had considered the motion to transfer and was assigned the case that was filed first).

4. **CONCLUSION**.

For all the foregoing reasons, Plaintiffs respectfully request that this Court transfer the

State of Arizona Action and the Crown Cork Action to this Court and consolidate the three cases in accordance with the attached proposed order. Plaintiffs also respectfully request that this Court set the consolidated action for trial at the earliest possible date.

DATED this 21st day of May, 2012

**GIBBS & BRUNS, L.L.P.**
Kathy D. Patrick
Robert J. Madden
Scott A. Humphries
1100 Louisiana, Suite 5300
Houston, Texas 77002
  Counsel for Plaintiffs

**COHEN KENNEDY DOWD & QUIGLEY, P.C.**
The Camelback Esplanade I
2425 E. Camelback Road, Suite 1100
Phoenix, Arizona  85016
  Local Counsel for Plaintiffs


By  /s/ *Daniel P. Quigley*
    Ronald Jay Cohen
    Daniel P. Quigley

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2012, I electronically submitted the foregoing **PLAINTIFFS' MOTION TO TRANSFER AND CONSOLIDATE** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this matter.

  /s/ *Daniel P. Quigley*