UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN CORK & SEAL COMPANY, INC. MASTER RETIREMENT TRUST, et al., Plaintiffs, v. CREDIT SUISSE FIRST BOSTON CORP., et al., Defendants | Case No. 12-05803-JLG Judge James L. Graham |
| STATE OF ARIZONA, et al., Plaintiffs, v. CREDIT SUISSE FIRST BOSTON CORP., et al., Defendants | Case No. 12-05804-JLG Judge James L. Graham |
| CITY OF CHANDLER, et al., Plaintiffs, v. BANK ONE, N.A., et al., Defendants | Case No. 12-05805-JLG Judge James L. Graham |
| LLOYDS TSB BANK, PLC, Plaintiffs, v. BANK ONE, N.A., et al., Defendants | Case No. 12-07263-JLG Judge James L. Graham |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., Plaintiffs, v. BANK ONE, N.A., et al., Defendants | Case No. 12-07264-JLG Judge James L. Graham |

## ORDER REGARDING CONFIDENTIAL MATERIALS

It is hereby **ORDERED** that, at the trial of the case, discovery materials previously designated as confidential under the Court's prior orders will be treated as follows:

1. No existing protective order or confidentiality agreement entered in this case shall apply to the use of materials produced or generated in discovery in the MDL proceeding by plaintiffs, Credit Suisse, or Lance Poulsen at trial except as provided hereafter.

2. On March 1, 2013 (the date previously designated for the parties to exchange objections to exhibits appearing on the other parties' exhibit lists), the parties shall identify: (a) any

document on any party's exhibit list that the party seeks to shield from public access at trial; and (b) a particularized showing that under existing Second Circuit precedent (e.g., *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)), the document should be excepted from public disclosure at trial.

3. On March 18, 2013 (following the date previously designated for the parties to exchange rebuttal deposition designations, optional completeness designations, and objections to counter-designations), the parties shall identify: (a) any deposition testimony designated for use at trial by any party, by page and line, that the party seeks to shield from public access at trial; and (b) a particularized showing that under existing Second Circuit precedent (e.g., *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)), the deposition testimony should be excepted from public disclosure at trial.

4. The Court will consider and rule on requests to restrict public access to particular trial exhibits and trial deposition designations at a pretrial conference before the beginning of trial.

SO ORDERED.

s/ James L. Graham
James L. Graham
United States District Judge

Dated: New York, New York

December 21, 2012

2