UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN CORK & SEAL COMPANY, INC. MASTER RETIREMENT TRUST, et al., <br>       Plaintiffs, <br>   v. <br> CREDIT SUISSE FIRST BOSTON CORP., et al., <br>       Defendants. | Case No. 12-cv-05803-JLG <br> Judge James L. Graham |
| STATE OF ARIZONA, et al., <br>       Plaintiffs, <br>   v. <br> CREDIT SUISSE FIRST BOSTON CORP., et al., <br>       Defendants. | Case No. 12-cv-05804-JLG <br> Judge James L. Graham |
| CITY OF CHANDLER, et al., <br>       Plaintiffs, <br>   v. <br> BANK ONE, N.A., et al., <br>       Defendants. | Case No. 12-cv-05805-JLG <br> Judge James L. Graham |
| LLOYDS TSB BANK PLC, <br>       Plaintiff, <br>   v. <br> BANK ONE, N.A., et al., <br>       Defendants. | Case No. 12-cv-07263-JLG <br> Judge James L. Graham |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., <br>       Plaintiffs, <br>   v. <br> BANK ONE, N.A., et al., <br>       Defendants. | Case No. 12-cv-07264-JLG <br> Judge James L. Graham |

Order

**WHEREAS**, on July 12, 2007, United States Magistrate Judge Mark R. Abel issued a protective order (the "Order") in *In re National Century Financial Enterprises, Inc. Financial Investment Litigation*, Case No. 2:03-md-01565, then pending in the United States District Court for the Southern District of Ohio (the "NCFE MDL Action");

**WHEREAS**, on May 21, 2012, the above-captioned actions, which were pending in the NCFE MDL Action, were remanded to their respective transferor courts;

**WHEREAS**, on July 30, 2012 and September 27, 2012, the above-captioned actions were transferred to the United States District for the Southern District of New York;

**WHEREAS**, on November 19, 2012, the above-captioned actions were reassigned to this Court, who is sitting as a visiting judge in the Southern District of New York;

**WHEREAS**, on November 27, 2012, the above-captioned actions were consolidated for trial; and

**WHEREAS**, the Parties wish to continue the terms of the Order;

**IT IS HEREBY ORDERED** that the Order, attached hereto as Exhibit A, shall continue in full force and effect in its entirety, with the following exceptions:

1. Paragraph 11 of the Order shall be replaced with the following:

    Confidential Discovery Material filed with the Court shall be filed in accordance with Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions, and Sealed Records Filing Instructions.

2. This Order shall have no effect on the use of confidential material at trial, which shall be governed by a separate order.

SO ORDERED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: December 21, 2012

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO - EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>NATIONAL CENTURY FINANCIAL ENTERPRISES, INC. FINANCIAL INVESTMENT LITIGATION. | Case No. 03-md-01565<br><br>Judge James L. Graham<br><br>Magistrate Judge Mark R. Abel |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE UNENCUMBERED ASSETS TRUST, *et ano.*,<br><br>      Plaintiffs,<br>  -against-<br><br>JP MORGAN CHASE BANK, *et al.*,<br><br>      Defendants. | Case No. 04-cv-1090<br><br>Judge James L. Graham<br><br>Magistrate Judge Mark R. Abel |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| POULSEN, *et ano.*,<br><br>      Plaintiffs,<br>  -against-<br><br>CREDIT SUISSE FIRST BOSTON CORP., *et al.*,<br><br>      Defendants. | Case No. 04-cv-1097<br><br>Judge James L. Graham<br><br>Magistrate Judge Mark R. Abel |

# PROTECTIVE ORDER

**WHEREAS**, on June 14, 2007, the Honorable James L. Graham issued an order ("Order") directing that discovery be opened in the National Century MDL Case No. 2:03-md-1565 and in related civil cases, including Case Nos. 2:04-cv-697, 2:04-cv-1090, 2:04-cv-1097, 2:05-cv-290 (the "NCFE MDL Cases");

**WHEREAS**, discovery requests propounded pursuant to the Order may call for the disclosure of non-public, confidential, proprietary, or commercially sensitive information of the parties to the NCFE MDL Cases (the "Parties");

**WHEREAS**, the Parties must be assured that such non-public, confidential, proprietary, or commercially sensitive information will not be improperly used, disclosed, shared, or distributed; and

**WHEREAS** the Parties and Court intend to include within the scope of this Protective Order any data, information, material or testimony (including documents and tangible things as defined in Fed. R. Civ. P. 34(a) or any applicable local rule) that is voluntarily or involuntarily produced, disclosed or filed in the NCFE MDL Cases, whether in affidavits, briefs, exhibits, motions, pleadings, or otherwise (for ease of reference, the "Discovery Material"), by or on behalf of any Party or non-Party (the "Producing Party");

**IT IS HEREBY ORDERED** that this Protective Order shall govern Discovery Material produced by the Parties pursuant to the Order:

1. This Protective Order supersedes all prior protective orders entered in the NCFE MDL Cases and controls the designation and handling of, and resolution of disputes concerning, all Confidential Discovery Material in the NCFE MDL Cases.

2. A Party may at any time (*i.e.*, at, prior to or after the time of production) designate documents, exhibits or other material produced in the NCFE MDL Cases as "CONFIDENTIAL" under the terms of this Protective Order if the Party believes such material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided by this Protective Order. Such designated documents, exhibits or other material shall be "Confidential Discovery Material" and shall be maintained as confidential and used and disclosed only as permitted by this Protective Order unless otherwise ordered by the Court pursuant to paragraph 6 hereof. The Party that designates Discovery Material as Confidential Discovery Material is referred to in this Protective Order as the "Designating Party."

   a. The designation shall be made by stamping or otherwise marking "CONFIDENTIAL" on each page of the document or writing. If only a portion of the document or writing is to be so designated, then a notation shall be made on the front page indicating that a portion is so designated, and each page containing the designated portion shall be stamped or otherwise marked "CONFIDENTIAL."

   b. When the designation is intended to apply to only a portion of the document or writing, that portion shall be clearly indicated.

   c. The Parties may also designate material "CONFIDENTIAL" by means of cover letter or equivalent actual written Notice to recipients.

3. A Party may also designate as "CONFIDENTIAL" any material that it has already produced by notifying in writing the person(s) to whom such material was

3

produced that such material constitutes Confidential Discovery Material, and may provide new copies of the material with the "CONFIDENTIAL" designation to all Parties that received the initial disclosure. The material shall be treated as Confidential Discovery Material from the date of such notification forward.

4. A Party may at any time (*i.e.*, at, prior to or after the time of responding to an interrogatory) designate an interrogatory response as Confidential Discovery Material by prefacing the response with the legend "RESPONSE CONFIDENTIAL" and stamping each page on which the response appears "CONFIDENTIAL." The first page of any set of interrogatory responses containing Confidential Discovery Material shall be stamped "CONFIDENTIAL RESPONSES INCLUDED." The Parties shall treat any interrogatory responses that are designated confidential in accordance with this paragraph as Confidential Discovery Material subject to all of the protections set forth in this Protective Order for such materials. The failure to designate an interrogatory response as Confidential Discovery Material when served shall not waive any claim of confidentiality. A Party may designate an interrogatory response as Confidential Discovery Material after it has been served, by providing all parties that received the initial response with a new copy of the responses with the designations set forth above, with the effect that such material shall be treated as subject to protection as Confidential Discovery Material under this Protective Order from the date of such designation forward.

5. A Party may designate information contained or revealed in a deposition, whether in a question, answer, or colloquy, as Confidential Discovery Material at the time

4

of the deposition, or within 25 days from receipt of the deposition transcript, by noting on the record a claim of confidentiality pursuant to this Protective Order or by written Notice to the Parties. For the period from the deposition through 25 days following receipt of the deposition transcript, the entire transcript (but not the exhibits thereto, unless designated as Confidential Discovery Material at or prior to the deposition) shall be treated as Confidential Discovery Material. At the expiration of that 25 day period, only those portions of the transcript that were designated as "CONFIDENTIAL" at the deposition or within 25 days of receipt of the transcript shall be considered Confidential Discovery Material. The failure to designate any portion of a deposition testimony transcript as Confidential Discovery Material at the deposition or within the 25-day period provided for in this paragraph does not constitute a waiver of such claim, and a Party may so designate the deposition transcript or a portion thereof after it has been provided, with the effect that such material shall be treated as subject to protection as Confidential Discovery Material under this Protective Order from the date of such designation forward. If any deposition is videotaped, those portions of the videotape corresponding to pages of the deposition transcript designated as Confidential Discovery Material shall be treated as Confidential Discovery Material.

    a. Unless a Party is designating by Notice, the confidential portion shall be identified as such in the caption or title of the transcript and on each page, which shall be marked "CONFIDENTIAL."

b. The Party requesting confidential treatment shall advise all other parties and all persons present at the deposition that the information is subject to this Protective Order.

c. Before the disclosure of Confidential Discovery Material in a deposition, all persons present at the deposition (other than counsel representing Parties to the action, the Parties, persons recording the deposition, and non-Party witnesses) shall sign an undertaking in the form attached hereto as Exhibit A. With respect to a non-Party witness, such a non-Party witness shall be asked by the Party seeking its testimony to sign the undertaking attached hereto as Exhibit A before the Party discloses Confidential Discovery material to the non-Party witness. If such non-Party witness refuses to sign Exhibit A, the Party shall: (i) immediately, but no fewer than three days before the deposition, give Notice to the Designating Party of the non-Party witness's refusal to sign Exhibit A; and (ii) during the deposition, identify for the non-Party witness any Confidential Discovery Material being disclosed to it. A Party may provide the Designating Party fewer than three days' Notice for good cause shown. Any non-Party witness who refuses to sign Exhibit A shall be precluded from retaining any Confidential Discovery Material.

d. Persons to whom the disclosure of such information is prohibited under this Protective Order shall be excluded from the deposition during the disclosure of such information or questions, answers, or colloquy concerning such information.

6. Any Party who wishes to challenge the designation of material as Confidential Discovery Material must first confer in good faith with counsel for the Designating Party regarding such designation. If this effort fails to resolve the disagreement, the objecting Party may file an appropriate motion with the Court, identifying the disputed material by category or document number and certifying that the objecting Party has sought in good faith to confer with counsel for the Designating Party but has been unable to resolve the dispute. Counsel for the Designating Party will then have ten business days in which to file a response to the motion. The designation of materials as Confidential Discovery Material shall remain in full force and effect until the dispute is ruled upon by the Court or otherwise resolved.

7. A Party who does not challenge a designation of material as Confidential Discovery Material at the time that it is designated is not thereby precluded from making a later challenge.

8. Confidential Discovery Material shall be used solely for purposes of the above-captioned proceedings, and each action consolidated with or related thereto, including any related cross-claims, non-Party claims, appeals and retrials. Confidential Discovery Material shall not be used for any other purpose. Confidential Discovery Material shall not lose its status as Confidential Discovery Material solely through use in any court proceeding referred to in this paragraph.

9. Confidential Discovery Material may be disclosed, summarized, described, characterized or otherwise made available in whole or in part only in accordance with paragraph 8 above and only to the following persons:

   a. Any individual plaintiff or defendant, attorneys for a Party, regular and temporary employees and service vendors of such attorneys (including outside copying services and outside litigation support services), and officers, directors, employees and representatives (including in-house counsel) of the Parties who have responsibility for directing such attorneys, lead plaintiffs and proposed and court-appointed class representatives in any class action, and any actual or potential Party witness;

   b. Experts or consultants engaged to assist attorneys for either Party, subject to paragraph 10 below;

   c. Non-parties and their counsel, to the extent necessary for the prosecution or defense of the NCFE MDL Cases, including but not limited to witnesses expected to testify at deposition or at trial, in accordance with paragraph 10 below;

   d. The Court, persons employed by the Court, and court reporters transcribing, or videographers recording, the testimony or argument in connection with any hearing, deposition, trial or any appeal therefrom;

   e. A court of competent jurisdiction to the extent necessary to resolve a discovery dispute made in connection with the NCFE MDL Cases, provided that the Party seeking relief from the court submits the

8

  Confidential Discovery Material under seal and moves the court to order that the Confidential Discovery Material shall be filed under seal and shall remain under seal unless otherwise ordered by that court.  Where a court does not permit or provide for filing under seal, the Party shall use its best efforts to obtain the maximum protection of confidentiality provided for under statute or court rules; and

 f. Any other person, only upon order of the Court or with the written consent of the Party who requested confidential treatment.

10. Notwithstanding Paragraph 9(b) above, the Confidential Discovery Material may be provided to experts or consultants only to the extent necessary for such experts or consultants to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the NCFE MDL Cases or any appeals, provided that such experts or consultants signs an undertaking in the form attached hereto as Exhibit A.  Such executed form shall be maintained by counsel for the Party who gives such person access to such Confidential Discovery Material.  Notwithstanding paragraph 9(c) above, such a non-Party shall be asked by the Party seeking the non-Party's testimony or assistance to sign the undertaking attached hereto as Exhibit A before the Party discloses the Confidential Discovery Material to the non-Party.  If such non-Party refuses to sign Exhibit A, the Party shall:  (i) immediately, but no fewer than three days before the testimony or assistance, give Notice to the Designating Party of the non-Party's refusal to sign Exhibit A; and (ii) advise the non-Party that the documents to be disclosed to it have been designated "CONFIDENTIAL"

9

158988

pursuant to this Protective Order. A Party may provide the Designating Party fewer than three days' Notice for good cause shown. Any non-Party that refuses to sign Exhibit A shall be precluded from retaining any Confidential Discovery Material.

11. Confidential Discovery Material filed with the Court shall be filed in accordance with the Local Rule 79.3 of the Southern District of Ohio.

12. It is the responsibility of counsel for each Party to maintain the security of all Confidential Discovery Material pursuant to the terms of this Protective Order.

13. In the event that any Party receives a subpoena or other compulsory legal process calling for the production of Confidential Discovery Material, the Party receiving such process shall provide Notice and a copy of such subpoena or process to the Designating Party within five business (5) days of its receipt. If the Designating Party moves to quash or for a protective order prior to the production or disclosure deadline designated in the subpoena or process, the recipient of the subpoena or process shall refrain from producing any Confidential Discovery Material in response to the subpoena or process pending a ruling on the Designating Party's request for relief. Nothing herein shall require any Party to disobey any relevant statute, Federal Rule of Civil Procedure, Federal Rule of Criminal Procedure, rule of court or court order.

14. After the entry of final judgment (including any appellate proceedings) in the NCFE MDL Cases, the provisions of this Protective Order shall survive and remain in full force and effect. All Confidential Discovery Material exchanged between and among the Parties shall be returned to the producing Party or

destroyed within 60 days after the conclusion of the last of these actions (including any appellate proceedings). **If documents are destroyed, Notice of confirmation of such destruction or a certificate of destruction shall be provided to the Producing Party.** For the avoidance of doubt, this provision shall not require any Party to destroy deposition or court transcripts, work product, discovery responses, pleadings or exhibits containing or referring to Confidential Discovery Material. However, unless destroyed, all such materials shall be treated as Confidential Discovery Material and shall be used or disclosed only in accordance with the terms of this Protective Order. Compliance with the provisions of this paragraph 14 shall be confirmed in writing to the Producing Party no later than 10 days after such return or destruction of Confidential Discovery Materials.

15. This Protective Order has no effect on, and shall not apply to, any Party's use or disclosure of its own Confidential Discovery Material for any purpose whatsoever.

16. Any Party may move the Court to modify this Protective Order or for an order seeking additional safeguards for Confidential Discovery Material beyond the protections afforded by this Protective Order. Nothing in this Protective Order shall prevent a Party from redacting irrelevant or non-responsive information contained within Confidential Discovery material that is produced pursuant to discovery in this matter or otherwise. Nothing in this Protective Order shall be construed to prevent any Party from contesting the redaction of such material.

17. Inadvertent or unintentional disclosure of Confidential Discovery Material shall not be deemed a waiver of the safeguards provided by this Protective Order. If

11

any Party, through inadvertence or otherwise, discloses Confidential Discovery Material in contravention of this Protective Order, then it shall (i) give Notice of the disclosure to the Designating Party; (ii) give Notice to the person who received the inadvertently or unintentionally disclosed Confidential Discovery Material (the "Recipient"); (iii) provide the Recipient a copy of this Protective Order and request that the Recipient sign Exhibit A, hereto; and (iv) give Notice of the Recipient's response to the Designating Party. The Designating Party's rights and remedies with respect to any such improper disclosure are hereby reserved.

18. Privileged Material

    a. Inadvertent or unintentional disclosure of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or work-product or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter.

    b. If a Party has produced Privileged Material or Discovery Material that it subsequently claims is Privileged Material, the receiving Party (the "Receiving Party"), upon written or oral request, shall promptly return it, including all copies, and promptly destroy any notes concerning it. The Receiving Party may not refuse to return the material. If the Receiving Party wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity designation, it must

12

return the material, then confer in good faith with the Producing Party as follows. First, the Receiving Party shall give Notice to the Producing Party that identifies with particularity the reasons for the challenge (the "Challenge Notice"). No later than 14 days after the Receiving Party serves the Challenge Notice, the Producing Party shall respond in writing and provide a good faith explanation of the basis for the privilege claim or claim of immunity. If the Parties themselves cannot resolve the dispute within a reasonable time after the Producing Party serves the response, the Receiving Party may move the Court for an appropriate order. The Producing Party shall serve an opposition no later than 10 days after service of the motion. The Parties shall treat the disputed material as privileged or subject to immunity until they resolve the dispute themselves or the Court resolves the dispute.

c. Notwithstanding any provision of this Protective Order to the contrary, the Receiving Party may retain one copy of the disputed material for the exclusive purpose of seeking relief from the Court, as set forth in paragraph 18(b). In any application to the Court under paragraph 18(b), the Receiving Party shall file the disputed material under seal, as set forth in paragraph 11 of this Protective Order. If the Court determines, or the Parties themselves agree, that the disputed material is privileged, work product, or entitled to immunity, and also entitled to protection, the Receiving Party shall destroy the single copy that it retained pursuant to this paragraph 18(c).

13

158992

19. By agreeing to or performing as required by this Protective Order, the Parties expressly do not waive any objections concerning the Confidential Discovery Material, including objections as to the competency, relevance, materiality, privileged status or admissibility as evidence, for any purpose, of any Confidential Discovery Material.

20. Any Party issuing a subpoena to a Non-Party shall enclose a copy of this Protective Order and notify the non-Party that the protections in the Protective Order are available to such Non-Party.

21. For the purposes of this Protective Order only, Notice means written notice transmitted by overnight mail, facsimile, email or electronic filing. Notice is effective upon receipt.

SO ORDERED.

                                                                       s/ Mark R. Abel
                                                                       United States Magistrate Judge

## EXHIBIT A AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I hereby acknowledge that I have been given an opportunity to read the Protective Order entered in the United States District Court for the Southern District of Ohio on _____, 200_, in the above-captioned civil proceedings (the "NCFE MDL Cases"), that I understand it and agree to be bound by its terms. I agree that I will not at any time reveal or discuss the contents of the documents, materials or information furnished to me in the course of these NCFE MDL Cases that are subject to the Protective Order (the "Confidential Discovery Material") with anyone, except as expressly authorized by the Protective Order, or as otherwise required by the Court. I agree that any Confidential Discovery Material furnished to me will be used by me only for the purpose of my involvement in these NCFE MDL Cases. I further agree that in the event I cease to have any involvement in these NCFE MDL Cases: (i) I shall promptly destroy or return all Confidential Discovery Material to the Party or counsel from whom I received it, and if Confidential Discovery Material is destroyed, I will provide confirmation of such destruction or a certificate of destruction to the Party or counsel from whom I received it within 10 days of its destruction; and (ii) I shall maintain the confidentiality of all Confidential Discovery Material disclosed to me.

Dated: _____  _____

15