UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
IN THE MATTER OF AN APPLICATION
TO BRING AN ELECTRONIC DEVICE(S)
INTO THE DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
FOR USE IN A TRIAL OR PROCEEDING
---------------------------------- x

EXHIBIT A

Order No. _____

I hereby authorize the following attorney(s) to bring the General Purpose Computing Device(s) ("GPCD") listed below into the Courthouse for use in a trial or proceeding in the action entitled SEE ATTACHED CAPTION, No. 12-cv-5803, which is anticipated to begin on January 7, 2013 and conclude on January 7, 2013.

| Attorney | Device(s) |
| --- | --- |
| 1. Sarah Leivick | 1 laptop, 1 projector |
| 2. Kathy Patrick | 1 iPad |
| 3. Robert Madden | 1 iPad |
| 4. Scott Humphries | 1 laptop |

*(Attach Extra Sheet If Needed)*

The attorney(s) identified in this Order must present a copy of this Order when entering the Courthouse. Their bringing of the equipment into the building constitutes a certification by them that the electronic device(s) lack (a) the capacity to make or record images or sounds or to send or receive wireless transmissions, and (b) one or more infrared ports or, alternatively, that any such capability or ports have been disabled. They shall not use or permit the use of such equipment to make or record images or sounds or to send or receive wireless transmissions. They shall comply in all respects with the requirements printed on the reverse side of this page.

This order does not authorize any attorney or law firm to bring more than three GPCDs into the Courthouse unless its receipt has been acknowledged below by the Chair of the Court's Technology Committee.

SO ORDERED.

Dated: 1/4/2013

_____
United States Judge

RECEIPT ACKNOWLEDGED

_____
Chair (or designee), Technology Committee

*(The provisions on page 2 are an integral part of this order.)*

## ADDITIONAL PROVISIONS

1. The term General Purpose Computing Device ("GPCD") as used in this Order is defined as set forth in Local Civil Rule 1.8.

2. GPCD screens and monitors are limited to one screen or monitor per GPCD and shall not obstruct vision or otherwise interfere with the proceedings.

3. Printers, scanners and other noise-emitting devices shall not be connected to authorized GPCDs while GPCDs are in a courtroom.

4. No GPCD shall be connected to the Court's computer network or any device connected thereto. No GPCD that is connected to a court reporter's device for the purpose of receiving a real-time feed may be networked with any other GPCD or Personal Electronic Device.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN CORK & SEAL COMPANY, INC. MASTER RETIREMENT TRUST, et al., Plaintiffs, v. CREDIT SUISSE FIRST BOSTON CORP., et al., Defendants. | Case No. 12-05803-JLG Judge James L. Graham |
| STATE OF ARIZONA, et al., Plaintiffs, v. CREDIT SUISSE FIRST BOSTON CORP., et al., Defendants. | Case No. 12-05804-JLG Judge James L. Graham |
| CITY OF CHANDLER, et al., Plaintiffs, v. BANK ONE, N.A., et al., Defendants. | Case No. 12-05805-JLG Judge James L. Graham |
| LLOYDS TSB BANK PLC, Plaintiff, v. BANK ONE, N.A., et al., Defendants. | Case No. 12-07263-JLG Judge James L. Graham |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., Plaintiffs, v. BANK ONE, N.A., et al., Defendants. | Case No. 12-07264-JLG Judge James L. Graham |