UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN CORK & SEAL COMPANY, INC. MASTER RETIREMENT TRUST, *et al.*,<br>                    Plaintiffs,<br>       v.<br>CREDIT SUISSE FIRST BOSTON CORP., *et al.*,<br>                    Defendants. | Case No. 12-cv-05803-JLG<br>Judge James L. Graham |
| STATE OF ARIZONA, *et al.*,<br>                    Plaintiffs,<br>       v.<br>CREDIT SUISSE FIRST BOSTON CORP., *et al.*,<br>                    Defendants. | Case No. 12-cv-05804-JLG<br>Judge James L. Graham |
| CITY OF CHANDLER, *et al.*,<br>                    Plaintiffs,<br>       v.<br>BANK ONE, N.A., *et al.*,<br>                    Defendants. | Case No. 12-cv-05805-JLG<br>Judge James L. Graham |
| LLOYDS TSB BANK PLC,<br>                    Plaintiff,<br>       v.<br>BANK ONE, N.A, *et al.*,<br>                    Defendants. | Case No. 12-cv-07263-JLG<br>Judge James L. Graham |
| METROPOLITAN LIFE INSURANCE COMPANY, *et al.*,<br>                    Plaintiffs,<br>       v.<br>BANK ONE, N.A., *et al.*,<br>                    Defendants. | Case No. 12-cv-07264-JLG<br>Judge James L. Graham |

Opinion and Order

This matter is before the court to determine issues relating to joint and several liability and the apportionment of fault among defendants. Plaintiffs argue that the court should first make a choice-of-law determination as to which state's law governs the issues of joint and several liability and apportionment of fault. Plaintiffs contend that New York should apply and that defendants Credit Suisse and Lance Poulsen, if found liable at trial, are jointly and severally liable under New York law for plaintiffs' entire loss, but reduced by an appropriate credit. This credit – as stated by both New York law and bar orders entered into in this action – would be the greater of: (1) the

1

amount the settling defendants paid to plaintiffs, or (2) the settling defendants' equitable share of the damages, according to an apportionment of fault to be made at trial.

Credit Suisse argues that it is too early to make a choice-of-law determination. It further contends that even if New York law applies, the share of fault of Poulsen (a presumed insolvent) should be divided among Credit Suisse and the settling defendants in relation to their proportionate shares of fault.

The court agrees with the plaintiffs' position, for the reasons stated below.

### I.      Plaintiffs' Statutory Claims

Plaintiffs MetLife and Lloyds assert claims against Credit Suisse and Poulsen under the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78t. It is undisputed that defendants found to have knowingly violated the Act are jointly and severally liable. 15 U.S.C. § 78u-4(f)(2)(A). A defendant whose violation is found not to have been knowing will be liable "for the portion of the judgment that corresponds to the percentage of responsibility" of that defendant, as the jury determines through special interrogatories. § 78u-4(f)(2)(B), 4(f)(3). The jury's apportionment of responsibility includes each defendant at trial, as well as any other person "claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff, including persons who have entered into settlements with the plaintiff." § 78u-4(f)(3)(A).

As to settling defendants, the Act requires a court "to enter a bar order constituting the final discharge of all obligations to the plaintiff" of settling defendants and barring "all future claims for contribution" by any person against the settling defendant. § 78u-4(f)(7)(A). A judgment credit is given to non-settling defendants for the greater of (1) amounts paid by settling defendants, or (2) the amounts corresponding to the percentages of responsibility of the settling defendants. § 78u-4(f)(7)(B). Such bar orders were entered in this case when plaintiffs settled with various defendants.

MetLife and the Arizona Noteholders also assert claims under the blue sky laws of various states. See e.g., Ariz. Rev. Stat. Ann. § 44-2003.A (joint and several liability); N.J. Stat. Ann. § 49:3-71(d) (joint and several liability). Plaintiffs acknowledge that by operation of the blue sky laws and the bar orders entered in this case, Credit Suisse, if found liable, will be entitled to a judgment credit of the greater of the amounts paid by the settling defendants or the settling defendants' equitable share of the damages. See e.g., Ariz. Rev. Stat. Ann. § 44-2003.L (settlement credit).

## II. Common Law Fraud

### A. Choice of Law

The five actions now consolidated before the court were transferred to the Southern District of New York under 28 U.S.C. § 1404. As a transferee court, this court applies the choice-of-law rules of the transferor courts, New Jersey and Arizona. See Gerena v. Korb, 617 F.3d 197, 204 (2d Cir. 2010). Both states have adopted the Restatement (Second) of Conflict of Laws. See P.V. v. Camp Jaycee, 962 A.2d 453, 460 (N.J. 2008); Bates v. Superior Ct., 749 P.2d 1367, 1369-70 (Ariz. 1988).

When these actions were consolidated before the undersigned judge as part of the multidistrict litigation proceedings in In re National Century Financial Enterprises, Inc. Investment Litigation, MDL-1565 (S.D. Ohio), the court determined that New York law applies to the substantive elements of plaintiffs' fraud claims against Credit Suisse. See In re Nat'l Century Fin. Enters., Inc., 846 F.Supp.2d 828, 851-56 (S.D. Ohio 2012). Because choice-of-law determinations are made on an issue-by-issue basis, the matter of which state's law applies to joint and several liability and to apportionment of fault is open to fresh examination. See Restatement (Second) of Conflict of Law § 145, cmt. d. Even so, the relevant provisions of the Restatement instruct the court to consider the same factors under Restatement § 145 that led to the conclusion that New York law should govern the substantive elements of plaintiffs' fraud claims. Section 172 provides that the "law selected by application of the rule of § 145 determines the circumstances in which two or more persons are liable to a third person for the acts of each other." Restatement § 172(a). Section 170 similarly provides, "The law selected by application of the rule of § 145 determines the effect of a release or covenant not to sue given to one joint tortfeasor upon the liability of the others." Restatement § 170(1); see also § 173 (same for contribution); § 174 (same for vicarious liability).

Section 145 requires a court to determine which state "has the most significant relationship to the occurrence and the parties." Restatement § 145(1). Factors to consider include the place of injury, the place where the actionable conduct occurred, the domiciles and places of business of the parties, and the places where the parties' relationships were centered. Restatement § 145(2). In its earlier examination of these factors, the court concluded that the parties' "contacts with New York are many and strong" and that New York has the most significant relationship to this case. Nat'l Century, 846 F.Supp.2d at 856.

Having reconsidered the matter in the context of joint and several liability and the apportionment of fault, the court reaches the same conclusion that New York law should apply and hereby incorporates the analysis provided in National Century, 846 F.Supp.2d at 851-56. Credit Suisse argues that this is a matter of "loss allocation" and that the interests of the home state of each plaintiff are greater here than they were for the prior choice-of-law determination. According to Credit Suisse, the focus now is on the plaintiffs' losses rather than on Credit Suisse's conduct. Credit Suisse cites case authority in support of the proposition that a plaintiff's domicile is of increased importance for issues relating to compensatory damages. See In re Aircrash Disaster Near Roselawn, Ind. On Oct. 31, 1994, 948 F.Supp. 747, 758 (N.D. Ill. 1996).

Credit Suisse's argument fails because apportionment of fault is a liability issue, rather than a damages issue. See Schipani v. McLeod, 541 F.3d 158, 162 (2d Cir. 2008) (citing New York case law); Bryant v. State, 818 N.Y.S.2d 186, 186, 850 N.E.2d 1161, 1161 (N.Y. 2006) ("The apportionment of fault is a component of the liability determination."). While apportionment does affect the amount of plaintiffs' potential recovery, the true focus remains on Credit Suisse's conduct – did Credit Suisse engage in fraud that caused plaintiffs' losses and, if so, for what percentage of the loss is it responsible. Thus, the interests of the home states of the plaintiffs carry no greater weight now than they did in the prior choice-of-law determination.

The court thus finds that New York law should apply to issues of joint and several liability and apportionment of fault. See Nat'l Century, 846 F.Supp.2d at 851-56. In so finding, the court rejects Credit Suisse's argument that it is too soon to make a choice-of-law determination. Credit Suisse's primary argument – that "[l]oss allocation takes place after a finding of liability and hence is properly addressed and resolved after trial" (doc. 111 at 5) – is contrary to case law holding that apportionment is a liability issue. See Schipani, 541 F.3d at 162; Bryant, 818 N.Y.S.2d at 186, 850 N.E.2d at 1161. As to its secondary argument – a blanket assertion that a record needs to be developed at trial regarding the factors relevant to the determination – Credit Suisse has not identified any facts that require further development. The record developed at the summary judgment stage is more than sufficient to support the court's determination that New York law should apply to issues concerning joint and several liability and apportionment of fault.

4

### B. New York Law Provides for Joint and Several Liability

Joint tortfeasors are jointly and severally liable under New York law.  See Sommer v. Federal Signal Corp., 79 N.Y.2d 540, 556, 593 N.E.2d 1365, 1372 (N.Y. 1992) ("[T]ortfeasors generally are jointly and severally liable for a judgment, meaning that each is responsible for the full amount regardless of culpability.") (footnote omitted concerning statutory exception which does not apply here); Greenidge v. HRH Construction Corp., 720 N.Y.S.2d 46, 48-9 (N.Y. App. Div. 2001); Schipani, 541 F.3d at 163.

Poulsen and Credit Suisse will thus be jointly and severally liable if a jury finds that they were joint tortfeasors who caused plaintiffs' losses.

### C. New York Law Provides for Apportionment as to Settling Tortfeasors

Under New York law, when a release or covenant not to sue is given to persons "liable or claimed to be liable in tort for the same injury, . . . it reduces the claim of the releaser against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest."  N.Y. Gen Oblig. Law § 15-108(a).  Article 14 of the civil practice law and rules provides that "equitable shares shall be determined in accordance with the relative culpability of each person liable."  N.Y. C.P.L.R. § 1402.

Apportionment is "an issue of fact for the jury."  Schipani, 541 F.3d at 163.  And it is an issue on which Credit Suisse bears the burden of proof.  Id. (explaining that § 15-108 is an affirmative defense).

All of the parties agree that application of § 15-108 will result in the same judgment credit as the bar orders provide for as to the settling defendants.  But Credit Suisse argues that § 15-108 also impacts the distribution of Poulsen's apportioned share.  According to Credit Suisse, the share of an insolvent tortfeasor should be divided among all other defendants in relation to each defendant's equitable share.

Even if Credit Suisse could prove at trial that Poulsen is insolvent, its argument that responsibility for some portion of his share should be shifted away from Credit Suisse and

5

redistributed among the settling defendants finds no support in the language of § 15-108. That section leaves unchanged the rule of joint and several liability among non-settling tortfeasors. In other words, § 15-108 provides relief from the rule of joint and several liability only upon the release of an alleged tortfeasor, not the insolvency of one. See N.Y. Gen Oblig. Law § 15-108(a) (applying to releases and covenants not to sue).

Credit Suisse's argument likewise finds no support in the case law. Indeed the proposition of redistributing the share of an absent or insolvent non-settling defendant upon settling defendants was expressly rejected in In re Eastern & Southern Districts Asbestos Litigation, 772 F.Supp. 1380, 1399-1403 (E.D.N.Y & S.D.N.Y. 1991), *aff'd in relevant part sub nom.* In re Brooklyn Navy Yard Asbestos Litig., 871 F.2d 831 (2d Cir. 1992). The court thoroughly examined New York statutory and case law and found, "Section 15–108 provides that deductions may be made under certain circumstances for the greater of the amount received by the plaintiff in settlement or the settlor's equitable share. The statute does not provide for further reductions in plaintiffs' verdicts." 772 F.Supp. at 1400. The court concluded, "In sum, the shares attributable to bankrupts and others who could not be made parties should be allocated only among the non-settling defendants." Id. at 1403. The Second Circuit expressly affirmed this holding: "General Obligations Law section 15-108 allows a reduction in plaintiffs' verdicts for the equitable share of settlors' fault or the amount received in settlement; it does not by its terms allow further reductions for the fault of bankrupts and non-parties." Brooklyn Navy Yard, 871 F.2d at 845. Accord In re New York City Asbestos Litig., 593 N.Y.S.2d 43, 50 (N.Y. App. Div. 1993) ("[T]he share of damages attributable to bankrupt defendants should be allocated only among nonsettling defendants.").

The cases cited by Credit Suisse are inapposite and concern the effect of insolvency on the *contribution* liabilities among defendants. See Gannon Personnel Agency v. City of New York, 394 N.Y.S.2d 5, 8 (N.Y. App. Div. 1977) (citing Kelly v. Long Island Lighting Co., 31 N.Y.2d 25, 29, 286 N.E.2d 241, 242-43 (N.Y. 1972)). The court in Kelly emphasized that "this refinement of the rule of contribution does not apply to or change the plaintiff's right to recover against any joint tort-feasor in a separate or common action the total amount of his damage suffered and not compensated." Kelly, 31 N.Y.2d at 30, 286 N.E.2d at 243. The statutory codification of Kelly

confirmed this point: "Nothing contained in this article shall impair the rights of any person entitled to damages under existing law." N.Y. C.P.L.R. § 1404(a). The point is further highlighted in the commentaries to § 1404(a): "CPLR 1404(a) codifies the holding in Kelly . . . that the rules of contribution have no effect on the plaintiff's rights. . . . The jury's apportionment of relative culpability among the tortfeasors does not preclude the plaintiff from entering judgment for the full amount against all tortfeasors and enforcing it in full against any one of them." Id., Practice Commentaries C1404:1.

### III. Conclusion

The court thus finds that New York law governs the aspects of plaintiffs' fraud claims relating to joint and several liability and apportionment of fault. If a jury finds at trial that Credit Suisse and Poulsen each committed fraud that caused plaintiffs' losses, then under New York law Credit Suisse will be liable, as to plaintiffs, for 100% of Poulsen's share.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: January 25, 2013