UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN CORK & SEAL COMPANY, INC. MASTER RETIREMENT TRUST, et al.,<br>      Plaintiffs,<br>v.<br>CREDIT SUISSE FIRST BOSTON CORP., et al.,<br>      Defendants. | Case No. 12-05803-JLG-AJP<br>Judge James L. Graham<br>Magistrate Judge Andrew J. Peck |
| STATE OF ARIZONA, et al.,<br>      Plaintiffs,<br>v.<br>CREDIT SUISSE FIRST BOSTON CORP., et al.,<br>      Defendants. | Case No. 12-05804-JLG-AJP<br>Judge James L. Graham<br>Magistrate Judge Andrew J. Peck |
| CITY OF CHANDLER, et al.,<br>      Plaintiffs,<br>v.<br>BANK ONE, N.A., et al.,<br>      Defendants. | Case No. 12-05805-JLG-AJP<br>Judge James L. Graham<br>Magistrate Judge Andrew J. Peck |
| LLOYDS TSB BANK PLC,<br>      Plaintiff,<br>v.<br>BANK ONE, N.A., et al.,<br>      Defendants. | Case No. 12-07263-JLG-AJP<br>Judge James L. Graham<br>Magistrate Judge Andrew J. Peck |
| METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br>      Plaintiffs,<br>v.<br>BANK ONE, N.A., et al.,<br>      Defendants. | Case No. 12-07264-JLG-AJP<br>Judge James L. Graham<br>Magistrate Judge Andrew J. Peck |

**METLIFE AND LLOYDS'S MEMORANDUM IN OPPOSITION TO DEFENDANT LANCE POULSEN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6) <u>AND OR FOR SUMMARY JUDGMENT</u>**

Plaintiffs MetLife,[1] and Lloyds TSB Bank plc ("Lloyds", and, together with MetLife, "Plaintiffs") respectfully submit this opposition to "Defendant Lance Poulsen's Motion to Dismiss Plaintiff's Complaint Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6) and or for Summary Judgment," No. 12 Civ. 7263/12 Civ. 7264, D.E. 142/101, Jan. 11, 2013 ("Poulsen Mem."). For the reasons set forth below, Poulsen's motion is untimely, procedurally improper and devoid of merit, and should be denied in its entirety.

Poulsen purports to move to dismiss both the MetLife action and the Lloyds action pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment. As an initial matter, Poulsen is precluded under Rule 12(b) from bringing a motion to dismiss because a motion asserting any of the Rule 12(b) defenses must be made before a responsive pleading is filed. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses [set forth in Rule 12 (b)] must be made before pleading if a responsive pleading is allowed."). In accordance with Rule 12(b)(6), Poulsen filed a motion to dismiss Plaintiffs' claims on March 1, 2004. After this Court largely denied his motion, Poulsen filed answers to both MetLife's complaint and Lloyds's complaint.[2] *See* Opinion and Order on Certain Motions to Dismiss Filed by National Century's Founders, No. 03-md-1565, D.E. 750, Feb. 27, 2006; *see also* Answer of Defendant Lance Poulsen to [MetLife's] Fourth Amended Complaint, No. 03-md-1565, D.E. 803, Apr. 5, 2006; Answer of Defendant Lance Poulsen to [Lloyds's] Fourth Amended Complaint, No. 03-md-1565, D.E. 804, Apr. 5, 2006. Poulsen is thereby barred from making another motion to dismiss pursuant to Rule 12(b)(6).

---

[1] Plaintiff Metropolitan Insurance and Annuity Company has been merged into Metropolitan Tower Life Insurance Company ("Met Tower"), an affiliate of Plaintiff Metropolitan Life Insurance Company ("MLIC"). Met Tower, together with MLIC, are referred to collectively as "MetLife".

[2] Additionally, Poulsen cites no grounds on which the Court's previous order on his motion to dismiss should be reconsidered.

To the extent Poulsen is seeking summary judgment, the motion is similarly untimely and procedurally deficient. On August 1, 2008, the Court entered an amended scheduling order, providing that any case-dispositive motions must be filed no later than February 13, 2009. *See* Amended Scheduling Order, No. 03-md-1565, D.E. 1397, Aug. 1, 2008. Certain parties in the noteholder actions later stipulated to extend this deadline to February 20, 2009. *See* Stipulation and Order Concerning Briefing Schedule for any Case-Dispositive Motions in Noteholder Cases, No. 03-md-1565, D.E. 1477, Feb. 5, 2009.[3] The deadline for Poulsen to file a motion for summary judgment has accordingly long since passed. Poulsen did not choose to file a timely motion for summary judgment four years ago, and he should not be permitted to circumvent the Court's scheduling order at this late date.

Moreover, Poulsen's motion lacks a statement of material facts which is required to accompany a motion for summary judgment under Rule 56.1 of this Court. *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 56.1(a) ("Upon any motion for summary judgment . . . there shall be annexed to the notice of motion a separate, short and concise statement . . . of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.").

Even if the Court reaches the merits of Poulsen's motion – which it should not – the motion should be denied, as Poulsen fails to address any of Plaintiffs' pending claims against him, or provide one piece of evidence demonstrating that he is entitled to summary judgment.[4]

---

[3] Although Poulsen was not a party to this stipulation, he never objected to the stipulation or moved to extend the deadline to file case-dispositive motions in the noteholder actions.

[4] MetLife has asserted the following claims against Poulsen: fraud, violations of Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5(b), violations of Section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t ("Section 20(a)"), violations of the Ohio Blue Sky Laws, violations of New Jersey Blue Sky Laws, negligence/gross negligence, negligent misrepresentation and breach of fiduciary

3

A motion for summary judgment may only be granted where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the summary judgment record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Logan v. Denny's, Inc.*, 259 F.3d. 558, 566 (6th Cir. 2001) ("As the party moving for summary judgment, Defendants bear the burden of showing the absence of a genuine issue of material fact as to at least one essential element of Plaintiff's claim.").

Poulsen does not even come close to meeting this burden on summary judgment. First, Poulsen was convicted of defrauding numerous victims, including MetLife and Lloyds, and is presently serving a thirty year prison sentence. That conviction alone is more than sufficient evidence to raise a genuine issue of material fact concerning Poulsen's civil liability for the damages he inflicted. *See Secs. & Exch. Comm'n v. Blackwell*, 477 F. Supp. 2d 891, 902 (S.D. Ohio 2007). Second, Poulsen fails to identify any of Plaintiffs' claims or elements of Plaintiffs' claims for which he believes he can demonstrate the absence of a genuine issue of material fact. Instead, Poulsen invents largely incomprehensible arguments, which must be rejected out of hand. Poulsen fails to explain how any of his arguments are even applicable to Plaintiffs' claims against him, or how they could provide a basis for the Court to grant summary judgment.[5]

---

duty. Lloyds has asserted the following claims against Poulsen: violations of Section 20(a), violations of the Ohio Blue Sky Laws, violations of New Jersey Blue Sky Laws and breach of fiduciary duty.

[5] For example, Poulsen argues that Plaintiffs "entertained a settlement agreement with Bank One Successor-Chase Bank and with Met-Life," and that he allegedly entered into a letter of indemnity with Bank One, N.A. Successor Chase Bank which "indemnified Poulsen from any and all claims and liability under the agreement." Poulsen Mem. at 5-6. Poulsen argues that the settlement agreement along with his indemnity agreement relieve him of liability to the Plaintiffs. *See id.* Poulsen fails to identify how this purported letter of indemnity is relevant to any of Plaintiffs' claims, or how it or Plaintiffs' settlement agreement with Bank One could possibly entitle him to summary judgment. Yet another one of Poulsen's peculiar arguments is that he "cannot be liable under the New

4

**CONCLUSION**

For the foregoing reasons, MetLife and Lloyds respectfully request that the Court deny in its entirety Lance Poulsen's motion to dismiss or for summary judgment.

Dated: January 25, 2013

                                                    Respectfully submitted,

                                                    KASOWITZ, BENSON, TORRES
                                                    & FRIEDMAN LLP

                                                    s/ Harold G. Levison
                                                    Harold G. Levison
                                                    Cindy C. Kelly
                                                    1633 Broadway
                                                    New York, New York 10019
                                                    (212) 506-1700
                                                    e-mail:  hlevison@kasowitz.com
                                                                   ckelly@kasowitz.com

---

York rule of contribution." Poulsen Mem. at 8.  This argument is completely irrelevant because Plaintiffs are not suing Poulsen for contribution.

5

## CERTIFICATE OF SERVICE

    I hereby certify that on January 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing.  Copies will be mailed via First-Class Mail to those parties to whom electronic notice has not been sent.

                                                                            s/ Harold G. Levison  
                                                                            Harold G. Levison  
                                                                            KASOWITZ, BENSON, TORRES  
                                                                              & FRIEDMAN LLP  
                                                                            1633 Broadway  
                                                                            New York, NY  10019  
                                                                            (212) 506-1700  
                                                                            hlevison@kasowitz.com