UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROWN CORK & SEAL COMPANY, INC. MASTER RETIREMENT TRUST, *et al.*,<br>　　　　　　　　　Plaintiffs,<br>　　　v.<br>CREDIT SUISSE FIRST BOSTON CORP., *et al.*,<br>　　　　　　　　　Defendants. | Case No. 12-cv-05803-JLG<br>Judge James L. Graham[*] |
| STATE OF ARIZONA, *et al.*,<br>　　　　　　　　　Plaintiffs,<br>　　　v.<br>CREDIT SUISSE FIRST BOSTON CORP., *et al.*,<br>　　　　　　　　　Defendants. | Case No. 12-cv-05804-JLG<br>Judge James L. Graham |
| CITY OF CHANDLER, *et al.*,<br>　　　　　　　　　Plaintiffs,<br>　　　v.<br>BANK ONE, N.A., *et al.*,<br>　　　　　　　　　Defendants. | Case No. 12-cv-05805-JLG<br>Judge James L. Graham |
| LLOYDS TSB BANK PLC,<br>　　　　　　　　　Plaintiff,<br>　　　v.<br>BANK ONE, N.A, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 12-cv-07263-JLG<br>Judge James L. Graham |
| METROPOLITAN LIFE INSURANCE COMPANY, *et al.*,<br>　　　　　　　　　Plaintiffs,<br>　　　v.<br>BANK ONE, N.A., *et al.*,<br>　　　　　　　　　Defendants. | Case No. 12-cv-07264-JLG<br>Judge James L. Graham |

<u>Opinion and Order</u>

　　　This matter is before the court on two matters filed by defendant Lance Poulsen, proceeding *pro se*. The first is Poulsen's motion to dismiss or, alternatively, for summary judgment. The second is Poulsen's objections to the bar orders that were entered following settlements between the plaintiffs and various defendants. For the reasons stated below, Poulsen's motion to dismiss or for summary judgment is denied and his objections to the bar orders are overruled.

---

[*] The Honorable James L. Graham, United States Senior District Judge for the Southern District of Ohio, presiding pursuant to intercircuit assignment to the Southern District of New York.

1

I.  **Motion to Dismiss or for Summary Judgment**

Poulsen moves under Fed. R. Civ. P. 12(b)(6) to dismiss the complaints because the allegations of his wrongdoing are "unfounded and completely without merit." When he was represented by counsel, Poulsen previously filed a motion to dismiss which was denied while this case was part of consolidated multidistrict proceedings. See doc. 750 filed in In re Nat'l Century Fin. Enters., Inc. Inv. Litig., No. 2:03-md-1565 (S.D. Ohio). Poulsen then filed answers to the complaints after his motion to dismiss was denied. See docs. 803-807 filed in No. 2:03-md-1565.

Rule 12 does not permit Poulsen to file another motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

One exception is that the issue of subject matter jurisdiction may be raised at any time. Fed. R. Civ. P. 12(h)(3). Poulsen's motion to dismiss does challenge plaintiffs' standing, and the court will liberally construe his motion as a challenge to constitutional standing. See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 126 (2d Cir. 2003) (holding that constitutional standing is "a mandate of the 'case or controversy' requirement in Article III" and "a jurisdictional prerequisite to suit").

Constitutional standing requires the following factors to be satisfied: "(1) that the plaintiff have suffered an 'injury in fact' – an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of – the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Bennett v. Spear, 520 U.S. 154, 167 (1997).

The court has no difficulty finding that plaintiffs have standing here. Plaintiffs purchased securities issued by National Century. Their investments became worthless when National Century went bankrupt as a result of a massive fraud at the company. Plaintiffs allege that Poulsen, who founded National Century and was its chief executive officer, orchestrated the fraud that caused

plaintiffs' losses. To redress their injury, plaintiffs assert claims against Poulsen for fraud, violations of federal and state securities laws, conspiracy, and breach of fiduciary duty.

Apparently misapprehending the nature of the claims, Poulsen argues that plaintiffs lack standing to assert their claims because he has a legal right to seek contribution or indemnification from other defendants who have settled with plaintiffs. See Poulsen's Mot. To Dismiss at 11-12 ("The Defendant Poulsen has an absolute right to indemnification under New York Law and the Plaintiffs' complaint should be dismissed for lack of standing."). However, Plaintiffs' complaints do not seek to preclude or limit Poulsen from exercising any legal rights to contribution that he may have. His argument in that regard is really a challenge to the bar orders, which is a matter that will be addressed separately below.

Poulsen moves in the alternative for summary judgment under Fed. R. Civ. P. 56. The court denies this motion for three reasons. First, it is untimely. The deadline to move for summary judgment expired several years ago. See doc. 1477 filed in 2:03-md-1565. Second, Poulsen has not submitted any evidence supporting his position that plaintiffs' claims are unfounded. See Fed. R. Civ. P. 56(c)(1) (requiring a party making a factual assertion to cite to materials in the record in support of that assertion). Finally, Poulsen's criminal conviction for his lead role in the National Century fraud is sufficient evidence to create a genuine dispute of material fact as to his civil liability for the losses suffered by plaintiffs. See U.S. v. Poulsen, 655 F.3d 492 (6th Cir. 2011), *cert. denied*, 132 S.Ct. 1772 (2012); see also U.S. v. Karron, 750 F.Supp.2d 480, 490 (S.D.N.Y. 2011) (discussing circumstances in which criminal conviction forecloses questions relating to civil liability under the doctrine of collateral estoppel).

The court thus denies Poulsen's motion to dismiss or, alternatively, for summary judgment.

**II.     Objections to Bar Orders**

In connection with a number of settlements between 2006 and 2008 in the multidistrict proceedings, plaintiffs and the settling defendants submitted joint motions for the court to approve agreed bar orders. These bar orders tracked 15 U.S.C. § 78u-4(f)(7)(A), which requires a court "to enter a bar order constituting the final discharge of all obligations to the plaintiff" of settling defendants, barring "all future claims for contribution" by any person against the settling defendant,

3

barring all claims for contribution by the settling defendant against any person, and providing for a settlement credit to the non-settling defendants.

The bar orders were referenced in recent briefing by the plaintiffs and defendant Credit Suisse on issues relating to Credit Suisse's liability. Poulsen, apparently having reviewed the briefs and an example of one the bar orders, now files objections to the bar orders. The court addresses his objections in turn below.

Poulsen argues that the bar orders were the product of collusion among the parties and violated his right to due process because he was not heard before they were approved. The court disagrees and notes that counsel for Poulsen specifically raised objections on his behalf to the first proposed bar order in 2006. See doc. 792 filed in No. 2:03-md-1565. Poulsen's 2006 objections raised several of the same challenges that Poulsen now makes. The parties held a conference with the magistrate judge and a hearing date was set on the motion for entry of a bar order. See doc. 778 filed in No. 2:03-md-1565. Before the hearing date, counsel for the parties conferred and made changes to the bar order to address the various objections that had been made. Poulsen then withdrew his objections and the hearing was cancelled. See docs. 810 filed in No. 2:03-md-1565.

The first bar order, as well as subsequent ones, were then entered with Poulsen's consent. In every instance, the settling parties contacted the non-settling defendants beforehand to give the non-settling defendants an opportunity to object to the bar order. See, e.g., doc. 1271 filed in No. 2:03-md-1565. Poulsen did not object either before or after the filings of the joint motions for the court to approve the bar orders. Indeed plaintiffs have now submitted evidence of the express consent that Poulsen's counsel gave to the bar orders. See Arizona Noteholders' Opp'n to Poulsen's Objections, Ex. A. The court thus finds that entry of the bar orders did not violate Poulsen's right to due process because Poulsen, represented by capable counsel, had full opportunity to be heard on the issue of whether the court should approve the bar orders.

Because Poulsen had an opportunity to be heard prior to the entry of the bar orders, the court finds that the objections he now makes are untimely and forfeited. Nonetheless, the court wishes to address and resolve the concerns Poulsen has raised through his objections.

There is some suggestion in Poulsen's brief that he believes a hearing was held in his absence concerning the bar orders on January 7, 2013. This is not true. The court held a mediation

conference with plaintiffs and defendant Credit Suisse on January 7. Due process did not require Poulsen's attendance at the mediation.

Poulsen is also under the misunderstanding that this matter is a class action. Rule 23(e) of the Federal Rules of Civil Procedure requires a court to conduct a fairness hearing before approving settlements in class actions. However, none of the individual actions now consolidated before the court are class actions.

Poulsen, after apparently reading plaintiffs' and Credit Suisse's briefs on the issue of which state's law should apply to govern apportionment of liability, argues that federal common law should apply. Federal common law has no application here. Apportionment issues relating to plaintiffs' federal securities claims are governed by federal statute. See 15 U.S.C. § 78u-4(f). Apportionment issues relating to plaintiffs' state law claims are governed by state law. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938). Here the court has determined that New York law applies to plaintiffs' state law claims against Credit Suisse. See doc. 132 filed in 1:12-cv-5803.

Another misapprehension expressed by Poulsen is that he believes the court will determine, or perhaps already has determined, how liability is apportioned among the defendants. The plaintiffs here have made a jury demand and thus the jury, not the court, will be deciding how liability should be apportioned. See 15 U.S.C. § 78u-4(f)(3) (providing that a jury will determine the responsibility of every person claimed to have caused or contributed to a plaintiff's loss).

Repeating an argument made in his motion to dismiss, Poulsen argues that plaintiffs have no standing to attempt to bar him from asserting a contribution claim against other defendants. It bears emphasizing that plaintiffs have not brought suit to prevent Poulsen from seeking contribution from other tortfeasors. Plaintiffs have brought suit because they have a right to seek full recovery of their investment losses against those parties that plaintiffs can prove are liable for their losses. The court does not disagree with Poulsen on the simple proposition that plaintiffs have no real interest in the contribution rights among parties who are alleged to have caused those losses.

The defendants who settled do have a real interest in the contribution rights. Part of the bargain struck in the bar orders is that the non-settling defendants would be barred from asserting claims of contribution against the settling defendants and that, in turn, the settling defendants would be barred from asserting claims of contribution against the non-settling defendants. Though

Poulsen laments a right lost without compensation, the bar orders were neither procedurally nor substantively unfair. As explained above, Poulsen had an opportunity to be heard before the entry of the bar orders, which were required under 15 U.S.C. § 78u-4(f)(7). And Poulsen has received a benefit from the bar orders. No settling defendant can seek contribution against him, and to the extent Poulsen is found liable at trial, he will receive a judgment credit in the greater of the amount paid by the settling defendants or the amount that corresponds to the percentage of responsibility of the settling defendants (as determined by the jury). Absent the settlements and bar orders, Poulsen potentially would be liable for the entire amount of plaintiffs' losses. See Greenidge v. HRH Construction Corp., 720 N.Y.S.2d 46, 49 (N.Y. App. Div. 2001) ("An injured party is free to seek a 100% recovery against any individual wrongdoer among joint wrongdoers.").

### III. Conclusion

Accordingly, defendant Lance Poulsen's motion to dismiss or, alternatively, for summary judgment (doc. 142 in Case No. 1:12-cv-7263; doc. 101 in Case No. 1:12-cv-7264) is DENIED, and his objections to the bar orders (doc. 123 in Case No. 1:12-cv-5803) are OVERRULED.

                                                       s/ James L. Graham  
                                                       JAMES L. GRAHAM  
                                                       United States District Judge

DATE: February 8, 2013